## Case No. 7,193.

### The JAMES D. PARKER.

[23 Int. Rev. Rec. (1877) 66; 2 Mich. Lawy. 14.]

District Court, E. D. Michigan.

W. W. Murray, Dist. Atty., for the United States.

Mr. Warriner, for claimants.

BROWN, District Judge. Upon the argument it was insisted that the government had no right to institute a proceeding in rem. for the recovery of the penalty provided for the violation of section 4 of the act of Feb. 28, 1871. No exception was taken to the information upon that ground, but as the objection involved the jurisdiction of the court, and as the district attorney did not insist upon the failure of the claimant to put the objection upon record, I think it may, with propriety, be considered in this opinion. The clause upon which the information is based provides that "refined petroleum which will not ignite at a temperature of less than 110 deg. of Fahrenheit thermometer may be carried on board such steamers upon routes where there is no other practical mode of transporting it, and under such regulations as shall be prescribed by the board of supervising inspectors, with the approval of the secretary of the treasury." An earlier clause of the section forbids the carrying of crude or refined petroleum or any other like explosive burning fluids as freight or used as stores on any steamer carrying passengers. Section 4 itself contains no penal clause, but it is insisted by the district attorney that under section 1 the owner was subject to a forfeiture of five hundred dollars, for which amount the steamboat was liable. This sec-

tion provides that "no license, register or enrolment shall be granted, or other papers issued, by any collector or other chief officer of the customs, to any vessel propelled in whole or in part by steam until he shall have satisfactory evidence that all the provisions of this act have been fully complied with; and if any such vessel shall be navigated without complying with the terms of this act, the owner or owners thereof shall forfeit and pay," etc., "for which sum the steamboat or vessel so engaged shall be liable, and may be seized," etc. Section 68 provides that the penalty for the violation of any provision of this act not otherwise provided for shall be a fine of five hundred dollars. The act is entitled "An act to provide for the better security of life on board of vessels propelled in whole or in part by steam, and for other purposes;" and its main object is to require that steamboats carrying passengers shall be provided with the proper equipments for the preservation of life and property in case of disaster. The obvious import of the 1st section is that no enrolment shall be granted by the collector to any steamboat until he shall have satisfactory evidence that such vessel is provided with the proper pipes, fire pumps, hose, life boats, buckets, axes, etc., required by the terms of the act, and if any such vessel shall be navigated without complying with these terms the forfeiture shall be incurred, for which a proceeding in rem. may be taken.

The provision in question has received judicial construction in but one case, viz., U. S. v. The C. B. Church [Case No. 14,762], in which the same construction was given to this section, and it was held that the penalty for a violation of the fourth section could not be recovered by a proceeding in rem., an action of debt against the offending parties being the proper remedy. I fully concur in this opinion, and deem an extended argument unnecessary, as it would be a mere repetition of the opinion of the learned judge in that case. Section 1 evidently points to affirmative acts, "compliances" with the law, something to be done by the owner, and not to a prohibition of the carrying of dangerous articles. It is the failure to provide and keep on board the appliances which are made by law, conditioned and preliminary to the issuing of the enrolment and license, which this section is designed to reach. It provides a penalty for the omission of statutory duty, not for the commission of a positive offence. Section 68 establishes the penalty for a violation of the provision in question, and the personal action is the only remedy. But it is further claimed by the government that the recital of the date of the act is immaterial, and that the action may be sustained under section 4472 of the Revised Statutes, a substantial re-enactment of section 4 of the act of 1871, and section 4499, which provides that "if any steam vessel be navigated with-

out complying with the terms of the title, the owner shall be liable in a penalty of five hundred dollars, for which the vessel may be seized." This and the preceding section are substantial re-enactments of the first section of the earlier act. The transportation, however, is alleged to have occurred in April, 1874, while the Revised Statutes were not enacted until June 22, 1874. It is true that section 5596 repeals all acts passed prior to Dec. 1, 1873, any portion of which is embraced in the revision, and that section 5601 provides that the enactment of the revision is not to effect the repeal of any act passed after Dec. 1, 1873, but as the Revised Statutes themselves were not enacted until June, no proceeding under them prior to that date can be sustained, without giving the revision a retroactive effect. Section 5598 provides that all offences committed and all penalties incurred prior to the repeal, may be prosecuted and punished in the same manner, and with the same effect, as if the repeal had not been made, and as the Revised Statutes did not take effect as a repealing act until June 22, 1874, the law of 1871 was still in force when this offence was committed. As before observed under that statute, this action cannot be sustained.

An order will be entered dismissing the information.